UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

TRUSTEES OF INTERNATIONAL
UNION OF PAINTERS AND ALLIED
TRADES DISTRICT COUNCIL 711
HEALTH & WELFARE FUND;
TRUSTEES OF INTERNATIONAL
UNION OF PAINTERS AND ALLIED
TRADES DISTRICT COUNCIL 711
VACATION FUND; TRUSTEES OF
PAINTERS DISTRICT COUNCIL 711
FINISHING TRADES INSTITUTE;
and INTERNATIONAL UNION OF
PAINTERS AND ALLIED TRADES
DISTRICT COUNCIL 711,

        Plaintiffs,

  v.

EAGLE INDUSTRIAL PAINTING,
LLC,

        Defendant.

No. 1:21-cv-14130-NLH-EAP

OPINION

---

**APPEARANCES**:

STEVEN J. BUSHINSKY, ESQ.
W. DANIEL FEEHAN, ESQ.
O'BRIEN, BELLAND & BUSHINSKY, LLC
509 S. LENOLA ROAD, BUILDING 6
MOORESTOWN, NJ 08057

   *On behalf of Plaintiffs*.

**HILLMAN**, **District Judge**

   Before the Court is the motion for default judgment filed by Trustees of International Union of Painters and Allied Trades

District Council 711 Health & Welfare Fund, Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund, Trustees of Painters District Council 711 Finishing Trades Institute, International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, International Union of Painters and Allied Trades District Council 711 Vacation Fund, Painters District Council 711 Finishing Trades Institute, and International Union of Painters and Allied Trades District Council 711(collectively "Plaintiffs").  (ECF No. 7).  The Court has considered the written submissions on the record and decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons expressed below, Plaintiffs' motion for default judgment will be granted.

## BACKGROUND

Plaintiffs are a union and a group of associated benefit funds and fund trustees consisting of the following specific parties: Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund ("Health Fund"), Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund ("Vacation Fund"), Trustees of Painters District Council 711 Finishing Trades Institute ("FTI")(collectively the "Trustees"), the employer and employee trustees of labor-management trust funds organized and

2

operated pursuant to a Trust Agreement and Collective Bargaining Agreements(s)("CBA")in accordance with Section 302(c)(5) of Labor Management Relations Act ("LMRA"), 29 U.S.C. §186(c)(5); International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, International Union of Painters and Allied Trades District Council 711 Vacation Fund, and Painters District Council 711 Finishing Trades Institute (collectively "Funds"); and the International Union of Painters and Allied Trades District Council 711 (the "Union").

Defendant Eagle Industrial Painting, LLC was required to make timely fringe-benefit contributions on behalf of represented employees pursuant to a CBA.  (ECF 1 at 6). Plaintiffs allege that Defendant failed to make these required payments in full or in part for the period including January 1, 2017 through December 31, 2019, resulting in $96,247.98 in delinquent contributions.  (Id.; ECF 7 at 5).  Defendant now owes a total of $124,421.55 including liquidated damages, interest, and audit fees. (ECF 7 at 6).

On July 26, 2021, Plaintiffs filed a Complaint against Defendant, alleging failure to make contributions due pursuant to the CBA in violation of the Employee Retirement Income Security Act of 1974("ERISA"), 29 U.S.C. § 1145, (ECF 1 at 6), and failure to remit dues check-offs, (Id. at 8).  Service was effectuated on August 2, 2021. (ECF 7 at 29).  Defendant has not

3

responded to the Complaint.

Plaintiffs filed a request for default with the Clerk on September 16, 2021, (ECF 6), and default was entered the following day. On February 2, 2022, Plaintiffs filed the presently pending motion for default judgment, (ECF 7), seeking an award of $124,421.55 plus attorney's fees and cost in the amount of $1,490.02, for a total of $125,911.57, (Id. at 6-7). Defendant has not responded to this motion or made an appearance.

## DISCUSSION

### I.  Subject Matter Jurisdiction

The Court has jurisdiction over this action pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

### II.  Legal Standard for Motion for Default Judgment

The Federal Rules of Civil Procedure provide a two-step mechanism for parties seeking default judgment. Akishev v. Kapustin, 23 F. Supp. 3d 440, 450 (D.N.J. May 28, 2014). First the party seeking default must present proof that the opposing party has failed to plead or otherwise defend for entry of default by the clerk. Fed. R. Civ. P. 55(a). Thereafter, a court, upon a plaintiff's motion, may "enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading" pursuant to Federal Rule of Civil Procedure

4

55(b)(2).  Maersk Line v. TJM Int'l Ltd. Liab. Co., 427 F. Supp. 3d 528, 532 (D.N.J. July 3, 2019) (quoting Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. Apr. 7, 2008)). The decision whether to enter default judgment lies in the discretion of the district court, Barrett v. Tri-Coast Pharmacy, Inc., 518 F. Supp. 3d 810, 820 (D.N.J. Feb. 10, 2021), though the Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable," Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984).

When considering a motion for default judgment, the court is to accept as true all well-pleaded factual allegations contained in the complaint, but not the movant's legal conclusions or allegations relating to damages amount. Gordashevsky, 558 F. Supp. 2d at 535-36.  Before entering a default judgment, the court must determine whether: (1) the plaintiff has produced sufficient proof of valid service and jurisdiction, (2) the unchallenged facts present a legitimate cause of action, and (3) the circumstances otherwise make default judgment proper.  Chanel, Inc. v. Matos, 133 F. Supp. 3d 678, 683 (D.N.J. Aug. 13, 2015).  The court determines whether entry of default judgment is proper by considering three factors: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.

Id. at 686; see also Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

### III. Analysis

#### A. Entry of Default Judgment

Here, all relevant factors weigh in favor of granting Plaintiffs' motion for default judgment. As stated above, the Court has jurisdiction over this matter pursuant to both ERISA, 29 U.S.C. §§ 1132, 1145, and the LMRA, 29 U.S.C. § 185. Defendant, as a limited liability company, was required to be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); Cerrato v. Seaboard Corp. Servs., LLC, No. 19-9448, 2020 WL 2559535, at *1 (D.N.J. May 20, 2020). Plaintiffs have produced a return of service form showing that Steve Zoumberokus, owner of the Defendant limited liability company, was personally served the summons and Complaint on August 2, 2021. (ECF 7 at 29).

Next, the Court finds that the Complaint states a valid cause of action. Plaintiffs assert that Defendant violated Section 515 of ERISA, 29 U.S.C. § 1145, by failing to make contributions as required by the CBA, (ECF 1 at 6), and that it also failed to remit dues check-offs, (Id. at 8). Section 515 of ERISA requires employers obligated to make contributions

6

under the terms of a CBA to "make such contributions in accordance with the terms and conditions of such . . . agreement." 29 U.S.C. § 1145. Plaintiffs have sufficiently pled that Defendant entered into a CBA with the Union, failed to make contributions in whole or in part from January 1, 2017 through December 31, 2019, and failed to pay dues check-offs during the same period. (ECF 1 at 6, 8). Assuming the Complaint's allegations to be true, the Court holds that Plaintiffs have stated a legitimate cause of action.

Finally, the Court finds that entry of default judgment is proper. First, Plaintiffs "will be prejudiced if default judgment is denied, as [they] have not yet received the delinquent contributions that they are owed." Trs. of the United Food and Com. Workers Union v. Mt. Laurel Ctr. For Rehab. and Health Care, No. 19-15417, 2020 WL 2111027, at *3 (D.N.J. May 1, 2020). Plaintiffs have further been prejudiced by Defendant's failure to file an answer or otherwise present a defense as it has prevented them from moving forward with this case. See Trs. of the N.J. B.A.C. Health Fund v. Doran Tatrow Assocs., No. 18-16556, 2020 WL 525922, at *2 (D.N.J. Jan. 31, 2020).

Second, the Court holds that Defendant has failed to set forth a meritorious defense that would caution against default judgment. "A claim, or defense, will be deemed meritorious when

7

the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Maersk Line, 427 F. Supp. 3d at 536 (quoting Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 869-70 (3d Cir. 1984)).  Defendant has not presented a meritorious defense because it has not filed an answer or otherwise defended itself, which weighs in favor of granting Plaintiffs' motion for default judgment.  See Barrett, 518 F. Supp. 3d at 829.

Third and finally, with respect to Defendant's culpability, "if a defendant fails to answer, move, or otherwise respond to an action, culpability will be presumed."  Id. at 830.

All three factors weigh in favor of Plaintiffs.  Therefore, the Court holds that Plaintiffs are entitled to a default judgment.

**B. Damages**

Having determined that Plaintiffs will be granted default judgment, the Court must now assess damages.  A plaintiff's allegations as to damages are not presumed to be true. Gordashevsky, 558 F. Supp. 2d at 535-36.  The Court "may conduct hearings or make referrals" in order to determine damages, Fed. R. Civ. P. 55(b)(2), but such steps are unnecessary when damages are "for a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1).  Such is the case here, as the Court has received sufficient information to determine

8

damages.

Plaintiffs seek a total award of $125,911.57, a sum that includes $124,421.55 in delinquent contributions, liquidated damages, interest, and audit fees. These damages are appropriate in an action for violation of Section 515 of ERISA. See 29 U.S.C. § 1132(g)(2) (permitting the awarding of unpaid contributions, interest, and liquidated damages); Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare, Vacation, and Finishing Trades Inst. Funds v. Re-Nu Alterations, Inc., No. 12-3103, 2013 WL 2949983, at *2 (D.N.J. June 14, 2013) (finding that audit fees are recoverable under Section 502(g)(2) of ERISA). The Court has reviewed the materials provided by Plaintiffs in support of their motion for default judgment and finds the calculations to be accurate. The Court will therefore award Plaintiffs $124,421.55 in delinquent contributions, liquidated damages, interest, and audit fees.

Plaintiffs also seek attorney's fees and costs in the amount of $1,490.02. A court may award "reasonable attorney's fees and costs" in an action seeking to enforce Section 515 of ERISA. 29 U.S.C. § 1132(g)(2)(D).

"'The most useful starting point for determining the amount of a reasonable fee' is the lodestar calculation" in which the court determines the reasonable number of hours dedicated to litigation and multiplies that number by a reasonable hourly

9

rate.  United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 290 (3d Cir. 2007).  "[S]pecificity is critical" and "[a] request for fees must be accompanied by 'fairly definite information as to hours devoted to various general activities . . . and the hours spent by various classes of attorneys.'"  Id. at 291 (quoting Evans v. Port Auth of N.Y. and N.J., 273 F.3d 346, 361 (3d Cir. 2001)).  Awards may be reduced when hours are inadequately documented.  Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

Attorney's fees sought by Plaintiffs total $938.02.[1]  (ECF 7 at 7, 45-55).  One associate attorney and one paralegal worked on this case for at a rate of $175 per hour and $70 per hour, respectively.  (Id. at 45-46).  Plaintiffs do not support the reasonableness of the applied rates with supporting documentation, but the Court nonetheless finds them to be reasonable within the southern New Jersey market.  See Connor v. Sedgwick Claims Mgmt. Servs., Inc., No. 09-cv-1140, 2012 WL 608483, at *5-6 (D.N.J. Feb. 23, 2012) (finding "the prevailing hourly attorney billing rate in the southern New Jersey market"

---

[1] Plaintiffs' motion states that they seek attorney's fees of $947.02, (ECF 7 at 7), and a similar miscalculation is made on a supporting summary document.  (Id. at 46).  Because the total amount of attorney's fees and costs of $1,490.02 subtracted by the $552 sought in costs is $938.02, the same amount reflected in Plaintiffs' accounting of the hours worked in this case, (Id. at 48-55), the Court understands Plaintiffs to be seeking $938.02 in attorney's fees.

10

to be $250 and an hourly rate of $150 per hour for an associate and $85 per hour for a paralegal to be reasonable). Plaintiffs have further provided a detailed accounting of the hours worked to the tenth of an hour, including a description of the work done and whether it was performed by the associate attorney or paralegal. (ECF 7 at 48-55). In sum, 9.4 hours of work were performed by the paralegal at a rate of $70 per hour for a total of $658 and 1.6 hours were performed by the associate attorney at a rate of $175 per hour for a total of $280.[2] The Court finds that these hours are appropriate for the work performed.

The Court similarly finds the $552 in costs sought by Plaintiffs, including $402 to file the Complaint and $150 for service of the Complaint, (Id. at 45-55), to be reasonable, see Sundesa, LLC v. Tejarah Int'l Inc., No. 20-2609, 2020 WL 6781579, at *2 (D.N.J. Nov. 17, 2020) (determining that $562.80 in costs for filing a complaint and service of process were reasonable); Appendix K. Schedule of Fees, U.S. Dist. Ct. Dist. Of N.J., https://www.njd.uscourts.gov/sites/njd/files/APPKRevised.pdf (listing the cost of filing a complaint in the district at $402). The Court therefore finds that an award of attorney's fees and costs totaling $1,490.02 is appropriate.

---

[2] The Court notes that Plaintiffs' requested attorney's fees also include two cents attributed to the associate attorney for "AR Import Fees for Sales Invoice 38724."

11

**CONCLUSION**

For the foregoing reasons, the Court shall grant Plaintiffs' motion for default judgment and award a default judgment of $125,911.57, including $124,421.55 in delinquent contributions, liquidated damages, interest, and audit fees and $1,490.02 in attorney's fees and costs.  An appropriate Order and Judgment consistent with this Opinion will be entered.


Date: October 4, 2022                    s/ Noel L. Hillman
At Camden, New Jersey                    NOEL.L. HILLMAN, U.S.D.J.